Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@toddflaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTINE MUSTHALER,** | Case No. |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF** |
| vs. | |
| **TARGET CORPORATION, PATENAUDE & FELIX A PROFESSIONAL CORPORATION, and TD BANK, N.A.,** | 1) **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT** |
| | 2) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendants. | 3) **FAIR CREDIT REPORTING ACT** |
| | 4) **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT** |
| | **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of

Complaint - 1

which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; and for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"), and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25 (a) (hereinafter "CCRA"), which regulate the collection, dissemination, and use of consumer information, including consumer credit information

## II. JURISDICTION

2.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3.    Plaintiff, Christine Musthaler ("Plaintiff"), is a natural person residing in Orange county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h). Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a.

4.    At all relevant times herein, Defendant, Target Corporation, ("Defendant Target") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant Target regularly attempts to collect debts alleged to be themselves, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

Defendant Target regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA.

5. At all relevant times herein, Defendant, Patenaude & Felix A Professional Corporation, ("Defendant Patenaude") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant Patenaude regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Defendant Patenaude regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA.

6. At all relevant times herein, Defendant, TD Bank, N.A., ("Defendant TD Bank") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant TD Bank regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Defendant TD Bank

regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRA.

## IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding debt.

8. Prior to January 16, 2009, Plaintiff obtained an alleged debt with Defendant Target.

9. Prior to January 16, 2009, Defendant Target contracted Defendant TD Bank to recover Plaintiff's alleged debt.

10. Prior to January 16, 2009, Defendant TD Bank hired Defendant Patenaude to sue Plaintiff on Defendant TD Bank and Defendant Target's behalf in an attempt to collect on the alleged debt.

11. Despite having knowledge where Plaintiff resided, Defendants never attempted to serve Plaintiff at her residential address.

12. Instead, in order to illegally collect on the alleged debt that Plaintiff owed, on or around January 16, 2009, Defendants served the lawsuit on a third party that had no relation to Plaintiff whatsoever.

13. Defendants' served the lawsuit on a Sandy DOE at 27781 La Paz Rd., Laguna Niguel, CA 92677.

14. Plaintiff has never resided at the 27781 La Paz Rd., Laguna Niguel, CA 92677 and has no relation to this address or Sandy DOE.

15. As a result, Plaintiff was never put on notice about the lawsuit and a default judgment was made against her.

16. On or about June 15, 2015, Plaintiff sent a letter to Defendant Patenaude, requesting that Defendants not contact Plaintiff by telephone regarding this matter. However, on June 27, 2015, Defendant Patenaude called Plaintiff on her telephone.

17. Defendants used these deceptive and illegal debt collecting practices in order to attempt to garnish Plaintiff's wages.

18. On or about August 25, 2015 and February 23, 2016, Defendants used the above mentioned practices to obtain two writs of execution against Plaintiff and her bank in relation to the above referenced debt.

19. In addition, Plaintiff requested that Defendant Patenaude provide validation of the alleged debt on multiple locations, yet Defendants have never provided Plaintiff with this validation to date.

20. Defendants' conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, obtaining a judgment against Plaintiff despite failure to properly serve the lawsuit (§1692f));

b) Collecting an amount from Plaintiff that is not permitted by law, including, but not limited to, obtaining a judgment against Plaintiff despite failure to properly serve the lawsuit (§1692f(1));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, obtaining a judgment against Plaintiff despite failure to properly serve the lawsuit (§1692e(10);

d) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, obtaining a judgment against Plaintiff despite failure to properly serve the lawsuit (§1692e(2)(A));

e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, obtaining a judgment against Plaintiff despite failure to properly serve the lawsuit (§1692d)); and

f) Attempting to collect a consumer debt from Plaintiff by means of judicial proceedings, where the debt collector knew that service of process, which was essential to jurisdiction over Plaintiff or his property, had not been legally effected, including, but not limited to, obtaining a judgment against Plaintiff despite failure to properly serve the lawsuit (Cal Civ Code §1788.14(a)).

21. Further, Defendants have been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various credit reporting agencies, as that term is defined by 15 U.S.C. 1681a(f).

22. Defendants are aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment.

23. As a result of Defendants' inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased.

24. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

25. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

26. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and
   b. Decreased credit score which may result in inability to obtain credit on future attempts.

27. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

28. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

29. Defendants violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
   b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

30. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law

31. Further, Defendants failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendants then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

32. As a result of the above violations of the FCRA, CCRAA, FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
**(Against Defendants TD Bank and Patenaude)**

33. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
**(Against All Defendants)**

34. Plaintiff reincorporates by reference all of the preceding paragraphs.

35. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

36. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A. Declaratory judgment that Defendants' conduct violated the RFDCPA;
    B. Actual damages;
    C. Statutory damages for willful and negligent violations;
    D. Costs and reasonable attorney's fees,
    E. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against All Defendants)

37. Plaintiff reincorporates by reference all of the preceding paragraphs.

38. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

///

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees; and,
      D.    For such other and further relief as may be just and proper.

### COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
**(Against All Defendants)**

39. Plaintiff incorporates by reference all of the proceeding paragraphs.

40. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

41. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

42. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

43. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

44. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees;

(d) For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 14th day of May, 2016.

By: s/ Todd M. Friedman
**Todd M. Friedman (216752)**
**Law Offices of Todd M. Friedman, P.C.**
**324 S. Beverly Dr., #725**
**Beverly Hills, CA 90212**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@toddflaw.com**
**Attorney for Plaintiff**